IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


STATIC CONTROL COMPONENTS,    )
INC.                          )
                              )
            Plaintiff,        )
                              )
       v.                     )    1:08CV928
                              )
SUMMIX, INC.,                 )
                              )
            Defendant.        )


**MEMORANDUM OPINION AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Static Control Components, Inc.'s Motion for Sanctions [sic] Failure to Comply with Court Order. (Docket Entry 57.) For the reasons stated below, said motion will be granted in part.

**Factual Background**

Defendant sold Plaintiff certain products, which Plaintiff, in turn, re-sold to Plaintiff's customers. (See Docket Entry 1, ¶ 7.) Plaintiff contends that Defendant was unable to maintain a consistent quality in the products it sold to Plaintiff, and some of the products therefore did not meet Plaintiff's specifications. (Id., ¶ 12.) Plaintiff filed this lawsuit, alleging a claim for breach of warranty of merchantability. (Id., ¶¶ 10-14.) Defendant has counterclaimed, alleging that the products were within Plaintiff's specifications and that Plaintiff has failed to pay for the products. (See Docket Entry 13 at 3-4.)

Over the course of discovery, a dispute arose regarding what Plaintiff alleged was Defendant's failure to adequately respond to Plaintiff's requests for the production of documents. As a result, Plaintiff filed Static Control Components, Inc.'s Motion to Compel Requests for Production (Docket Entry 36). Plaintiff represented in said motion that the documents furnished by Defendant in response to Plaintiff's production request "consisted of five groups of documents bound with rubber bands with a cover sheet reading 'RESPONSIVE TO' followed by a group of numbers. . . . The individual documents were not labeled in any fashion, other than the cover sheets, so as to indicate which production they were responsive to." (Id. at 3.) Plaintiff also noted that "[t]he production of these documents in the form of paper copies rather than in text-searchable PDF format, places an undue burden on Plaintiff in searching through the documents to determine which production requests they may be responsive to and in being able to obtain translations for the documents written in Japanese." (Id. at 4.)

This Court, by way of an Order of United States Magistrate Judge Wallace W. Dixon, granted Plaintiff's motion. (See Docket Entry 50.) In doing so, Judge Dixon ordered Defendant to "identify with specificity which documents are responsive to which requests." (Id. at 13.) Judge Dixon also directed that "Defendant must either respond in detail to the requests for production, or identify documents that would provide this detailed information. . . . [T]he documents must be Bates-stamped; and Plaintiff must be able

to readily ascertain which documents correspond to which requests for production." (Id.)

In the interim period between the filing of Plaintiff's motion to compel and the issuance of Judge Dixon's Order, Defendant had "voluntarily reproduced the documents to [Plaintiff] identified by bates-stamp, and a corresponding Production Log identifying which documents, by bates-stamp, were responsive to specific document requests." (See Docket Entry 60 at 2.) Accordingly, Defendant deemed Judge Dixon's Order, as it related to production of documents, moot. (See Docket Entry 60-1 at 1.) Plaintiff, however, contends that Defendant's production remains insufficient as Defendant's Production Log "repeated the procedure [Defendant] followed in its original production (which was the subject of the Court's Order) by listing groups of documents as responsive to multiple production requests." (Docket Entry 58 at 2.)

Plaintiff filed the instant motion urging the Court to "order [Defendant] to reproduce all the submitted documents with documents labeled as being responsive to no more than two requests." (Id. at 7.) Plaintiff also argues that Defendant "should be denied from conducting any additional discovery and [Plaintiff] should not be required to respond to any discovery requests already submitted." (Id.)

## Discussion

I. Compliance

Defendant's most recent production identified six groupings of documents (totaling near 3,000 documents), with each being

responsive to as few as two and as many as eight of Plaintiff's production requests. (See Docket Entry 58-2 at 1.) Plaintiff argues that "[t]he documents cannot be responsive in the manner stated by [Defendant]" (Docket Entry 58 at 3), as the requests to which each group is purported to respond are so distinct as to make a single document unable to be relevant to each of the multiple requests (id.). In support of this contention, Plaintiff offers the Court specific examples of non-responsive documents (see Docket Entry 58 at 3-6) as well as the wording of certain of Plaintiff's document requests (see Docket Entry 62 at 2-4). Defendant contends that each of the documents in the six groupings identified in the Production Log are indeed responsive to each of the requests as noted and that Plaintiff's instant motion "rests entirely upon [Plaintiff's] disagreement with [Defendant's] interpretation of the breadth of certain requests and [Defendant's] identification of documents responsive thereto." (Docket Entry 60 at 5.) The Court finds Plaintiff's argument persuasive.

Defendant's production failed to "identify with specificity which documents are responsive to which requests" as ordered by Judge Dixon (Docket Entry 50 at 13), and, at the very least, causes substantial confusion regarding responsiveness of certain documents to Plaintiff's production requests. For example, one of Defendant's groupings, which contains over 1400 documents, is purportedly responsive to eight of Plaintiff's requests, including:

> 2. Produce all records of communication relating to any complaints including, but not limited to malfunctions and defects, you received in the last

> 3 years from any individual, corporation or other entity for which you manufactured PCRs.
>
> 6. Produce the results of all inspections, analyses or tests done on any [Defendant] PCRs returned by [Defendant's] customers from January 1, 2007 until December 31, 2008.
>
> . . . .
>
> 28. Produce all contracts entered into between [Defendant] and [Plaintiff] from January 1, 2007 until December 31, 2008.

(Docket Entry 62 at 2-3.) The Court fails to see how documents responsive to request 28 can also be responsive to requests 2 and 6. Another of Defendant's groupings, which includes only six documents, is also purported to be responsive to eight of Plaintiff's requests, including:

> 1. Produce all documents relating to any complaints including, but not limited to malfunctions and defects you received in the last 3 years from any individual, corporation or other entity for which you manufactured PCRs.
>
> . . . .
>
> 8. Produce all documents and things relating to the production and manufacture of [Defendant] PCRs from January 1, 2007 until December 31, 2008.

(<u>Id.</u> at 3-4.) Again, the Court cannot understand how each document can be responsive to each of Plaintiff's requests as listed.

Furthermore, the Court notes that Defendant's method of grouping in its May 10, 2010, production is substantially similar to its original production, which was the subject of Judge Dixon's Order. Defendant's original production "consisted of five groups of documents bound with rubber bands with a cover sheet reading 'RESPONSIVE TO' followed by a group of numbers." (Docket Entry 36

-5-

at 3.) Said numbers indicated to which production requests each stack of documents was meant to respond. (Id.) Plaintiff's May 10, 2010, production, though performed electronically and including bates-stamped documents, altered the specificity of the production only slightly in that Defendant offered six groups of documents and again listed each as responsive to multiple production requests. (See Docket Entry 58-2.)

Finally, in what only contributes to the lack of specificity and likelihood of confusion surrounding Defendant's production, the groupings in Defendant's original production correspond only loosely with, and sometimes contradict, the groupings noted in Defendant's more recent production. (Compare Docket Entry 36-3 with Docket Entry 58-2.) For example, Defendant's original production included a stack of documents responsive to Plaintiff's production requests 8, 10 and 19. (See Docket Entry 36-3 at 5.) Defendant's Production Log included in the more recent production indicates that there are approximately 1,300 documents responsive to production requests 10 and 11, that none of those documents are responsive to production request 8, and that there are no documents responsive to production request 19 in the entire production. (See Docket Entry 58-2.) In another example, Defendant's original production contained two stacks which correspond closely to two of Defendant's groupings in its more recent production (see Docket Entry 36-3 at 3, 4), except that the documents responsive to those requests are now noted as being responsive to production request 2 as well (see Docket Entry 58-2).

II. Sanctions

Plaintiff urges the Court to "order [Defendant] to reproduce all the submitted documents with documents labeled as being responsive to no more than two requests." (Docket Entry 58 at 7.) Plaintiff also argues that Defendant "should be denied from conducting any additional discovery and [Plaintiff] should not be required to respond to any discovery requests already submitted." (Id.)

Fed. R. Civ. P. 37(b)(2)(A) lists the sanctions a court may order for the failure of a party to comply with discovery. They include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

A district court has discretion regarding whether, and to what extent, it should apply sanctions under Rule 37. Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). In

so deciding, the United States Court of Appeals for the Fourth Circuit requires the Court to look to four factors: "(1) whether the noncomplying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would have been effective." See Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003) (quoting Anderson v. Foundation for Advancement, Educ, & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)).

Defendant concedes that this Court may sanction Defendant pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iv), as Plaintiff suggests, by prohibiting Defendant from engaging in further discovery. (See Docket Entry 60 at 4.) Based on the above four factors, however, the Court deems such a prohibition on discovery unnecessary under the instant facts. The Court is confident that an Order requiring Defendant to reproduce all submitted documents in groupings responsive to no more than two requests as Plaintiff requests (see Docket Entry 58 at 7), combined with a warning that further failure to comply will lead to additional sanctions, up to and including default judgment pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), will suffice.

## Conclusion

Defendant's production failed to comply with Judge Dixon's Order requiring Defendant to "identify with specificity which

-8-

documents are responsive to which requests." (Docket Entry 50 at 13.)

**IT IS THEREFORE ORDERED** that Static Control Components, Inc.'s Motion for Sanctions [sic] Failure to Comply with Court Order (Docket Entry 57) is **GRANTED IN PART** in that:

(1) Defendant is **ORDERED** to reproduce all submitted documents in groupings responsive to no more than two of Plaintiff's document requests on or before December 15, 2011;

(2) on or before December 15, 2011, Plaintiff shall serve Defendant with a statement of the reasonable expenses, including attorney's fees, caused by Defendant's failure to comply;

(3) on or before December 29, 2011, Defendant shall file a memorandum of not more than ten pages showing cause why it and/or its attorneys should not have to pay any expenses identified by Plaintiff, and, if Defendant contests the reasonableness of any such additional expenses, it shall include within its memorandum a certification that it has attempted to confer in good faith with Plaintiff about that subject;

(4) on or before January 19, 2012, Plaintiff may file a response of not more than ten pages to Defendant's foregoing memorandum; and

(5) on or before January 26, 2012, Defendant may file a reply of not more than five pages to any such response by Plaintiff.

> /s/ L. Patrick Auld
> **L. Patrick Auld**
> **United States Magistrate Judge**

November 22, 2011